AGILE THOMA POCHI *vs.* WONITA G. BRETT.

Suffolk.    October 3, 1945, January 28, 1946. — February 13, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Evidence,* Of identity, Admitted without objection, Interrogatories, Presumptions and burden of proof. *Motor Vehicle,* Ownership, Registration. *Practice, Civil,* Interrogatories; Ordering verdict; Variance; Exceptions: what questions open. *Negligence,* Motor vehicle, Contributory.

A finding that a certain automobile was the one involved in an accident was warranted by a report to the registry of motor vehicles by the owner of that automobile and answers by him to interrogatories, admitted without objection and not limited as to their effect, stating in substance that his automobile had been stolen and that he had "heard," "learned," and the "police said," that his automobile had been involved in an accident, about which he had "no information."

Testimony by a defendant that he was the owner of an automobile registered in his name, whose number he did not recall, together with a report by him to the registry of motor vehicles, introduced in evidence, stating his name as owner of an automobile having a specified registration number, warranted a finding that the automobile having that number was the one registered in his name, although no certificate of registration was in evidence.

In an action for personal injuries by a pedestrian struck by an automobile registered in the name of the defendant as owner, the prima facie evidence of the defendant's legal responsibility for its operation created by G. L. (Ter. Ed.) c. 231, § 85A, was in itself, without more, a sufficient contradiction of the defendant's answers to interrogatories stating that the automobile had been stolen before the accident and at the time thereof was not being operated with his knowledge and consent, so that, although the plaintiff was the party introducing such answers in evidence, he was not bound thereby, nor was a finding of absence of such legal responsibility on the part of the defendant required as matter of law.

Evidence of the circumstances in which a pedestrian, walking at night across a lighted city thoroughfare entirely straight for a long distance in both directions, at its intersection with another street, was struck by an automobile when about twenty feet from the curb which he had left, warranted a finding of negligence on the part of the automobile operator and did not require a finding of contributory negligence on the part of the pedestrian.

The question of a variance is not open upon an exception to the denial of a defendant's motion for a directed verdict not specifically based on the pleadings.

TORT. Writ in the Municipal Court of the City of Boston dated October 28, 1942.

Upon removal to the Superior Court, the action was tried before *Williams*, J.

*W. F. Henneberry*, for the defendant.

*H. Silverman*, for the plaintiff.

WILKINS, J. The plaintiff brings this action of tort, alleging that he was injured by an automobile which was negligently "operated . . . by and under the control of a person for whose conduct the defendant was legally responsible." G. L. (Ter. Ed.) c. 231, § 85A (quoted in footnote [1]). Absence of such responsibility and contributory negligence were set up in the answer, which also contained. a general denial. The jury returned a verdict for the plaintiff. The defendant's only exception is to the denial of her motion for a directed verdict.

---

[1] "In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

The evidence, which was entirely from witnesses called by the plaintiff, showed the following: Tremont Street was intersected at nearly opposite points by West Dedham Street on the east and by Dartmouth Street on the west. There were four car rails on Tremont Street, which was seventy feet wide. The easternmost rail was about twenty-four feet from the curb. A few minutes after 12:30 A.M. on September 20, 1942, the plaintiff was found lying unconscious on Tremont Street two or three feet outside of, and parallel with, this rail and within the intersection "about even with the center line of West Dedham Street," which was thirty-four feet wide. At the same time a Ford coach, Massachusetts registration 621,314, was standing, unoccupied and headed to the north, within the intersection "a few feet directly east of the body" and about seven or eight feet from the easterly curb line of Tremont Street. No operator was present. Photographs in evidence show that Tremont Street was entirely straight for a long distance both north and south of West Dedham Street, and that at intervals on Tremont Street were street lights, one of which was at the corner of West Dedham Street.

The plaintiff testified that on the night of September 19 he was returning from the theatre to his house at 619 Tremont Street and went into a café, where he had "no more than two glasses of beer." He then continued on his way and reached the corner of West Dedham and Tremont streets. "It was nice clear weather." The traffic light "up Dartmouth Street" was green, and that "on Tremont Street" was red. He first saw an automobile come out of Dartmouth Street, turn left on Tremont Street, and proceed "down town." He then saw "one automobile so far, almost up to West Canton Street; the red light, and I thought I was going to make it to cross." He "walked to the car track almost, I don't know, eighteen or twenty feet. That is all I remember." "Next day" he "woke up in the hospital." On cross-examination he testified that he had been examined by a physician, whom he told that on September 20, 1942, at about half past twelve, "a little after midnight," he met with an accident; and that he had been

walking on the sidewalk on Tremont Street and came to a crossing. Q. "Then you said, 'It is all I know about the accident,' right in the presence of your lawyer?" A. "That is all I know because I find myself in the hospital." Q. "That is all you know, and the next day you are in the hospital?" A. "Yes." Q. "That is true, isn't it?" A. "Yes." Q. "It is still the truth, isn't it?" A. "I think so." He further testified that he never touched whiskey in his life; that the "doctor at the hospital got the information so that in the record he put odor of liquor which he got from his breath"; that he was sober, and was not drunk. Esther Bihl testified that she was standing on the corner of Dartmouth and Tremont streets with several others at about 12:30 A.M. on the night in question; that she heard a loud noise, a "pretty loud bang," and upon looking saw something in the air over the front part of an automobile; that she saw something fall on the street, and they all went over and saw a man lying on the street near the car tracks on the easterly side of Tremont Street; that the automobile kept going through the intersection, and stopped in front of 604 Tremont Street; that she saw no one get out of the automobile, the make, color, and registration number of which she did not know; that she heard a dog barking; that she saw a stocky man in a gray suit open the door of the automobile, but did not observe anything else that he did; and that she did not see the automobile before it struck the man, but that it went very slowly after the impact, just barely moving until it finally came to a stop. Lena DeLaberto testified that she was the mother of Mrs. Bihl, and had been standing on the corner with her daughter and others; that she heard her daughter yell, and she and the others went over to where the plaintiff was lying; that the automobile which struck the plaintiff stopped in front of 604 Tremont Street; that she did not know the registration number; that she heard a dog barking "very bad"; and that later she saw a sailor taking a dog out of the automobile. It was agreed that 604 Tremont Street was three houses north of the northeast corner of West Dedham and Tremont streets.

The defendant testified to the following: She lived on Hemenway Street, Boston. On September 19, 1942, she owned an automobile, which was registered in her name, but she did not remember the registration number. On the evening of that date, which was a Saturday, about 10 P.M. she parked her automobile in front of the Café Minerva on Huntington Avenue. She turned the key in the wheel, locked the left hand door, got out on the right side, and locked the right hand door. She placed the key, which was on a separate ring, in her bag. She entered the café, which was crowded, and was seated at a table with three girls and two men, none of whom she knew and with whom she did not converse. It was some time before her order was taken, and she remained at the table until 11:30 P.M. The bag containing her keys was on the table. "The party at the table finished their meal before the defendant" and left while she was still seated. Another party was seated at the table almost immediately. It was between 11:30 and 11:45 P.M. when the defendant left the café. She took a three minute walk to buy a newspaper, returned to the place where she had left her automobile, and discovered that it was missing and that another automobile was parked there. She walked up and down the street before going to her apartment where she discovered that the automobile key also was missing. About 12 P.M. she called the police at station 16 to report her loss, and was told that she must do this in person. She returned to the place where her automobile had been parked and then went to station 16. There she learned that the police from station 4 had "picked up" her automobile. At station 4 she said that she did not know that her automobile had been involved in an accident. She told the police officer that her key was in her bag when she entered the café; that she knew none of the men there; and that she could not tell how her key disappeared. There were no marks on the automobile indicating that it had been in an accident. She gave no one permission to use the key or her automobile.

The plaintiff introduced in evidence the defendant's answers to interrogatories. These showed that the defendant

lived at 171 Hemenway Street, and on September 20, 1942, was the owner of a Ford coach, Massachusetts registration 621,314. To both the third interrogatory, "On or about September 20, 1942, was said automobile involved in an accident on Tremont Street?" and to the fourth interrogatory, "On or about September 20, 1942, was said automobile involved in an accident with the plaintiff?" the defendant answered, "I do not know; but I have heard that it was." Other interrogatories and answers were: 5. Q. "At the time of the accident who was the operator of said automobile?" A. "I do not know as the car was stolen." 6. Q. "At the time of the accident was your automobile being operated with your knowledge or consent?" A. "No." 11. Q. "Please state the circumstances under which you first learned that your automobile was involved in an accident wherein the plaintiff was involved." A. "At the police station." In answer to other interrogatories the defendant stated that she last operated the automobile between 9:30 and 10 P.M. on September 19; that she left it in front of the Café Minerva; that she did not know whether the ignition or the doors were locked, or whether the ignition key was in the lock or taken by her; that she did not meet, or drink with, any men in the café; that when she went to get her automobile where it had been parked, it was gone, but she did not think about the key at that time; and that she arrived at home about 12:05 A.M. and for the first time discovered that the key was missing, and telephoned station 16.

An employee of the registry of motor vehicles testified and produced a report of an accident received from the defendant on September 22. The report was admitted in evidence without objection. See *Stowe* v. *Mason*, 289 Mass. 577, 582. The report gave in a blank space under "operators" the defendant's name with the address 171 Hemenway Street. There was a similar answer in a blank space under "owners." The registration number was given as 621,314. There also was the statement: "The car was stolen and reported to the police, accident involving pedestrian which I have no information about. Car was recovered at station 4." The

registry then wrote the defendant, "The receipt of your report dated 9/21/42 reporting an accident in which a motor vehicle owned by you was involved, is hereby acknowledged. That the registry may have a more complete record of the accident, the following information is respectfully requested: What is the exact date and location of this accident?" To this the defendant replied: "This car was stolen from Huntington Ave. near Mass. Ave. on Sept. 19 — 42 between 10.00 P.M. and 12.00 midnight and recovered Sunday Sept. 20 — 42 at station 4. have no information regarding accident, except police said car was in accident at Dartmouth and Tremont St. and recovered car there."

We must first determine whether the plaintiff has brought the case within the provisions of G. L. (Ter. Ed.) c. 231, § 85A. The defendant contends that there is no evidence that her automobile was the one involved in the accident causing the plaintiff's injuries. This contention is sound if limited to the oral testimony. *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279. But the report to the registry of motor vehicles and the answers to interrogatories, although in the form of hearsay, are evidence that it was. *Damon* v. *Carrol,* 163 Mass. 404, 408–409. *Turner* v. *Williams,* 202 Mass. 500, 503. *Peterson* v. *Meekins, Packard & Wheat Inc.* 261 Mass. 336, 339. *DuBois* v. *Powdrell,* 271 Mass. 394, 397. *Mahoney* v. *Harley Private Hospital, Inc.* 279 Mass. 96, 100. Wigmore on Evidence (3d ed.) § 1361, footnote 1. The defendant did not seek to limit the scope of the report. *Drew* v. *Drew,* 250 Mass. 41, 45. *Crowley* v. *Swanson,* 283 Mass. 82, 85. *Solomon* v. *Dabrowski,* 295 Mass. 358, 360. *Jackson* v. *Colonial Provision Co. Inc.* 314 Mass. 177, 180. *Runels* v. *Lowell Sun Co.* 318 Mass. 466, 471. *Commonwealth* v. *Rubin,* 318 Mass. 587, 591.

The defendant also contends that there was no evidence that the automobile "was registered in the name of the defendant as owner." She testified that on September 19, 1942, she owned an automobile, which was registered in her name, and the number of which she did not recall. Her report of the accident to the registry of motor vehicles gave

her name as owner and the registration number as 621,314. This was enough to permit the jury to find that the automobile bearing that number was the one registered in her name as owner. *Ryan* v. *DiPaolo,* 313 Mass. 492, 494–495. In the case at bar there is evidence which was lacking in *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, and in *Bagin* v. *Craven,* 316 Mass. 758. It was not necessary that a certified copy of the registration be offered in evidence.

The defendant further contends that the defendant's answers to interrogatories state that the automobile was stolen, and that the plaintiff is bound by this fact, which was not contradicted by other evidence, under the rule in *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367, 373. It is settled that if the automobile was stolen, the defendant is not liable. *Slater* v. *T. C. Baker Co.* 261 Mass. 424. *Sullivan* v. *Griffin,* 318 Mass. 359. It is also true that apart from the effect of G. L. (Ter. Ed.) c. 231, § 85A, there was no contradiction. But that statute, which on the evidence could be found to apply, itself creates "prima facie evidence" that the automobile was "being operated by . . . a person for whose conduct the defendant was legally responsible." Any evidence permitting a finding that the automobile was not stolen is a sufficient contradiction. In this Commonwealth "prima facie evidence is 'evidence,' remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant." *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. The jury, accordingly, were at liberty to disregard the defendant's testimony and answers to interrogatories respecting theft. *Smith* v. *Freedman,* 268 Mass. 38, 40–41. *Haun* v. *LeGrand,* 268 Mass. 582. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Wilson* v. *Grace,* 273 Mass. 146, 153. *Ferreira* v. *Franco,* 273 Mass. 272, 274. *Boyas* v. *Raymond,* 302 Mass. 519, 522. *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, 447. *Leblanc* v. *Pierce Motor Co.* 307 Mass. 535, 537.

The driver of the automobile could have been found to be negligent. *Legg* v. *Bloom,* 282 Mass. 303. *Noyes* v. *Whiting,* 289 Mass. 270. *Perricotti* v. *Andelman,* 298 Mass. 461.

*Stinson* v. *Soble,* 301 Mass. 483. *Baczek* v. *Damian,* 307 Mass. 167. *McGovern* v. *Thomas,* 317 Mass. 740. The rule of *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, does not apply to the plaintiff's testimony. *Garland* v. *Stetson,* 292 Mass. 95, 98. *Goodwin* v. *Walton,* 298 Mass. 451, 453. It could not have been ruled as matter of law that the plaintiff was guilty of contributory negligence. *Campbell* v. *Cairns,* 302 Mass. 584, 586–587, and cases cited. *Desjarlais* v. *Kelley,* 299 Mass. 182. *Bartley* v. *Phillips,* 317 Mass. 35, 37–38. *Connell* v. *Kelleher,* 317 Mass. 413, 415.

There was no variance between the declaration and the evidence. And that question is not open upon an exception to the denial of a motion for a directed verdict which was not specifically based upon the pleadings. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 383. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563. *Lane* v. *Epinard,* 318 Mass. 664, 666–667.

*Exceptions overruled.*