FRANK ARRIGO *vs.* CARL A. LINDQUIST.

Suffolk.   April 6, 1949. — April 28, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Agency,* What constitutes.   *Evidence,* Presumptions and burden of proof. *Motor Vehicle,* Registration.   *Negligence,* Contributory, Use of way. *Practice, Civil,* New trial.

In an action for personal injuries sustained when the plaintiff was struck by an automobile owned by the defendant, evidence merely that the automobile was registered in the name of the defendant as owner was sufficient, under G. L. (Ter. Ed.) c. 231, § 85A, to warrant a finding that the person operating the automobile at the time of the accident

was an agent of the defendant acting within the scope of his employment, although all the other evidence tended to show that the operator was not such an agent.

Evidence that the plaintiff in an action for personal injuries against the owner of an automobile had been sitting on the curbstone of a street smoking a cigar when he was struck by the automobile did not require a ruling that he was guilty of contributory negligence.

A question of law properly raised at the trial of an action cannot be raised again as of right on a motion for a new trial.

TORT. Writ in the Municipal Court of the City of Boston dated November 17, 1944.

Upon removal to the Superior Court, the action was tried before *Hurley,* J.

*W. F. Henneberry,* for the defendant.

*J. B. Sullivan,* (*H. M. Linsky* with him,) for the plaintiff.

LUMMUS, J. On July 13, 1944, the plaintiff, a barber employed on Dore Street in Boston, spent part of his lunch period in sitting on the curbstone of Dore Street, smoking a cigar. While there, he was hit and injured by an automobile driven by a young blonde man who was working at a parking space across the street. The automobile was one owned by, and registered in the name of, the defendant. The defendant's wife, on the day in question, drove the automobile into the parking space, and left it there, paying the fee to a colored man who was working there. She then left the parking space, and after that the accident happened. She was operating the automobile on her own business, and not on any business of the defendant. The defendant was not present at the time of the accident, and had given no one, other than his wife, permission to drive his automobile. The colored man testified that he was the only person employed at the parking space at the time. The foregoing summarizes the evidence.

The jury returned a verdict for the plaintiff. The defendant excepted to the denial of a motion for a directed verdict in his favor, to the denial of a motion for the entry of a verdict in his favor under leave reserved, and to the denial of a motion for a new trial.

By G. L. (Ter. Ed.) c. 231, § 85A, which originated in St.

1928, c. 317, § 1, in an action of tort for injuries in which a motor vehicle is involved, "evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

On the evidence, if that were to be considered apart from the statute, the defendant's wife was not his servant, and he was not responsible for her conduct, much less for that of a person to whom she entrusted the automobile, and still less for that of a person to whom she did not entrust it. *Phillips* v. *Gookin*, 231 Mass. 250. *Nash* v. *Lang*, 268 Mass. 407. The statute does not change the substantive law. *Smith* v. *Freedman*, 268 Mass. 38, 40. *Bruce* v. *Hanks*, 277 Mass. 268, 271. *Dineasoff* v. *Casey*, 306 Mass. 555, 556. *Fitiles* v. *Umlah*, 322 Mass. 325, 327. But it does dispense with proof that the person operating the automobile was the servant of the registered owner, acting within the scope of his employment, and makes it possible for the jury to find that he was such servant without other evidence to that effect, and to disbelieve any evidence that he was not. As was said in *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, 447, "Under this statute the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as agency of the driver in behalf of the defendant is concerned." See also *Pochi* v. *Brett*, 319 Mass. 197, 204. Under the statute, the jury could find the defendant responsible.

What the plaintiff was doing at the time when he was injured does not bar him from recovery as matter of law. It is not suggested that there is any prohibition in the law against using the street for such a purpose. Persons using a street for the purpose of play or amusement have been held entitled to have due care used for their safety. *O'Brien* v. *Hudner*, 182 Mass. 381. *Slattery* v. *Lawrence Ice Co.* 190

Mass. 79. *Patrick* v. *Deziel,* 223 Mass. 505. *Coope* v. *Scannell,* 238 Mass. 288. *Schneider* v. *DeChristopher,* 301 Mass. 241. *Holden* v. *Bloom,* 314 Mass. 309, 312. *Falzone* v. *Burgoyne,* 317 Mass. 493, 496. We think that the due care of the plaintiff was a question for the jury, especially in view of the statutory burden of proof upon the defendant. G. L. (Ter. Ed.) c. 231, § 85.

So far as the motion for a new trial was based on the ground that the verdict was against the law, we have already shown that the plaintiff was entitled to go to the jury. Besides, the point could have been raised and was raised at the trial, and cannot be raised anew upon a motion for a new trial. *Commonwealth* v. *Doyle,* 323 Mass. 633, 638. *Devore* v. *Good,* 321 Mass. 84. *Hubbard* v. *Conti,* 321 Mass. 743, 746. The other grounds were addressed to the discretion of the judge, and there was no error of law in the denial of the motion. *Bartley* v. *Phillips,* 317 Mass. 35. *Cohen* v. *Peterson,* 320 Mass. 315. *Mitchell* v. *Silverstein,* 323 Mass. 239.

*Exceptions overruled.*