Daniel E. Maceen, J.
By the decisional law of Massachusetts the owner of an automobile is not responsible for the negligence of its operator other than himself unless the operator is at the time acting as an agent of the owner. (Dennis v. Glynn, 262 Mass. 233; Marsal v. Hickey, 225 Mass. 170; Herlihy v. Smith, 116 Mass. 265.)
Section 85A (added to Gen. Laws of Mass. [Ter. ed.], ch. 231 by Stat. 1928, ch. 317, § 1) provides: “ In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant.”
The basis of defendant’s motion for judgment on the pleadings is that the complaint contains no allegation of any fact imposing responsibility on the defendant for the operation of the car. It is conceded by the pleadings that the defendant was the owner of the automobile and that it was being operated on a public highway in Massachusetts. While the complaint alleges that the automobile was registered, it does not specifically allege that it was registered in the name of the defendant. Undisputed evidence of ownership and operation on a public highway is sufficient to establish registration in the name of the owner. (Karpowicz v. Manasas, 275 Mass. 413, 419.) Since by the statute above quoted, registration in the name of the defendant constitutes prima facie evidence of defendant’s responsibility, the complaint states facts sufficient to constitute *964 a cause of action and the motion for judgment on the pleadings must be denied.
The alternative motion for summary judgment is two-pronged ; first, that the evidence submitted on the motion as a matter of law establishes that the defendant was not legally responsible for the acts of the driver and, second, that no evidence of gross negligence of the operator, which under the law of Massachusetts plaintiff must prove, is presented.
With respect to defendant’s second contention, at the most, the papers reveal that plaintiff may have no personal knowledge of facts sufficient to constitute gross negligence. She testified at the examination before trial that she had no recollection of the happening of the accident nor of preceding events during some 20 minutes prior to the accident. Assuming, though not deciding, that plaintiff has presented no evidence of gross negligence, the defendant has presented no evidence of its absence. Had the defendant made a prima facie showing of absence of gross negligence, plaintiff would have been bound to come forward with proof of evidentiary facts showing the existence of a bona fide issue in that respect requiring trial. (Ball v. United Artists Corp., 13 A D 2d 133, 135.) On the papers here presented, plaintiff was not required to try her entire case on this motion.
Section 85A (Gen. Laws of Mass. [Ter. ed.], ch. 231) did not create a presumption that the operator of an automobile was the agent of its registered owner which would disappear upon showing of the facts, but rather it made the fact of registration prima facie proof of such agency. (Thomes v. Meyer Store, 268 Mass. 587.) The statute “does dispense with proof that the person operating the automobile was the servant of the registered owner, acting within the scope of his employment, and makes it possible for the jury to find that he was such servant without other evidence to that effect, and to disbelieve any evidence that he was not ”. (Arrigo v. Lindquist, 324 Mass. 278, 280.) “In this Commonwealth ‘ prima facie evidence is “ evidence ”, remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant. ’ ” (Pochi v. Brett, 319 Mass. 197, 204.)
Although shortly after the enactment of the statute (1929), in deciding the case of Thomes v. Meyer Store (supra, p. 590) the Supreme Judicial Court of Massachusetts said that it did so “ [wjithout considering whether a case may arise where a verdict may be directed for a defendant notwithstanding the statute”, my limited facilities for research of Massachusetts *965 law have failed to disclose a single case decided by that court to date in which a defendant was held to have established the absence of responsibility of the owner as a matter of law. I might say, however, that I have found no case in which it was contended that the plaintiff’s own testimony established the absence of such responsibility.
In the present case the plaintiff is not bound by the testimony of the defendant. The plaintiff’s testimony at the examination before trial does not completely negate the possibility, however improbable, that unknown to her, the driver of the automobile was performing some errand for the defendant. (Laskey v. Railway Express Agency, 326 Mass. 339, 343.) The public policy of this State, as evidenced by section 388 of the Vehicle and Traffic Law, requires that we construe the Massachusetts statute no less liberally than have the courts of Massachusetts. The motion is accordingly in all respects denied, with $10 costs to the plaintiff to abide the event.