DAVID J. BERGDOLL & another *vs.* MARIAN SUPRYNOWICZ & another.

Suffolk.    March 3, 1971. — April 2, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Evidence,* Opinion: expert; Prima facie evidence; Of agency. *Practice, Civil,* New trial.

At the trial of an action for personal injuries, there was no error in the denial of a motion to strike the opinion testimony of a qualified neurologist, that the plaintiff had sustained a cerebral concussion and contusion as a result of a motor vehicle accident, based on a physical examination of, and history obtained from, the plaintiff, and on readings of tracings produced by an electro-encephalogram, although in cross-examination the possibility of error in the taking of the electro-encephalogram was brought out. [174]

At the trial of an action against both the owner and the operator of a motor vehicle for personal injuries sustained by the plaintiff, where the evidence tended to prove that no agency relationship existed between the defendants but there were verdicts against both, G. L. c. 231, § 85A, did not preclude the judge, in his discretion, from granting a motion for a new trial by the defendant owner on the ground that the verdict against him was against the weight of the evidence. [174–175]

TORT.    Writ in the Superior Court dated June 9, 1964.

The action was tried before *Collins,* J.

*John B. Killilea* for the defendants.

*Timothy J. McInerney* for the plaintiffs.

SPALDING, J.    The declaration in this action of tort contains four counts. In counts 1 and 2 recovery is sought from the operator and owner, respectively, of the motor vehicle involved in the accident. In counts 3 and 4, for consequential damages, recovery likewise is sought from the operator and owner, respectively. Verdicts were returned for the plaintiffs on all counts. The judge reported two questions for decision.

(1) The first question arises out of the denial of the defendants' motion to strike certain evidence. Dr. Kittredge

Anderson, a qualified neurologist called by the plaintiffs, was of opinion that the minor plaintiff had sustained a cerebral concussion and contusion as a result of the motor vehicle accident. This opinion was based on his physical examination of the minor plaintiff, the history obtained from him, his study of the hospital records, and his readings of tracings produced by an electro-encephalogram. This evidence was introduced without objection. On cross-examination it appeared that Dr. Anderson was not present when the electro-encephalogram was taken, and that he did not know whether the machine was in good working order. It further appeared that if the machine is not in good working order, the electro-encephalogram (or tracing) could be in error; that the smallest movement on the part of the person tested (moving a finger, blinking an eye) could "produce artifacts" which, if not deleted by the technician making the test, could result in an erroneous tracing. The defendants introduced no evidence that the electro-encephalogram was improperly taken, nor was there any evidence that there was any defect in the machine or negligence on the part of the technician. Following the cross-examination of Dr. Anderson, the defendants made a motion to strike his testimony, which was denied. We are of opinion that the judge did not err in denying the motion. The possibility of error in the taking of an electro-encephalogram was brought out on cross-examination and the weight of the doctor's evidence, which was by no means based exclusively on the electro-encephalogram, was for the jury. Moreover, it is difficult to see how the defendants were prejudiced by this evidence. Subsequently, a neurologist called by the defendants, on the basis of the same electro-encephalogram and other evidence, rendered an opinion somewhat similar to that given by Dr. Anderson.

(2) Pursuant to a motion for a new trial presented by the defendants, the judge granted the motion with respect to counts 2 and 4 (the counts against the owner) on the ground that the verdicts on these counts were against the weight of the evidence. There was no error. To recover on these

counts the plaintiffs were required to prove that the automobile was operated by one for whose conduct the owner was legally responsible. The fact that the plaintiffs were aided by the prima facie evidence of agency created by G. L. c. 231, § 85A, did not deprive the court of its power to set aside a verdict if the weight of the other evidence in the case (as appears to have been the situation here) tended to prove that no agency relationship existed. See *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566–569. The granting or denying of a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge. *Perry* v. *Manufacturers Natl. Bank*, 315 Mass. 653, 656. We perceive no abuse of discretion.

In accordance with the terms of the report, the defendants' exception to the motion to strike is overruled and the case is to stand for a new trial on counts 2 and 4.

*So ordered.*