**6**

Patricia T. RICHARDSON and James H. Richardson, as Co-administrators of the Estate of Patricia A. Richardson; Patricia T. Richardson and James H. Richardson, as Representatives of Patricia A. Richardson, individually; James H. Richardson, individually; and Robert J. Etgeton III, by his Father, Natural Guardian and Next Friend, Robert J. Etgeton, Jr.; and Robert J. Etgeton, Jr., Plaintiffs,

v.

Gregg A. MATTHEWS and Nissan Motor Corp. In U.S.A., Inc., Defendants.

Civ. A. No. 93–10908–PBS.

United States District Court, D. Massachusetts.

March 24, 1995.

James T. Curtis, Goldman & Curtis, Lowell, MA, for plaintiffs.

Joel F. Pierce, Bonnie M. Gillespie–Perry, Morrison, Mahoney & Miller, Boston, MA, for defendants.

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT NISSAN'S MOTION FOR SUMMARY JUDGMENT

SARIS, District Judge.

Defendant Nissan Motor Corp. in U.S.A., Inc. ("Nissan"), was the owner of the car that killed Patricia A. Richardson and injured Robert J. Etgeton III. Defendant Gregg A. Matthews was the driver. Nissan has produced evidence showing that, at the time of

the accident, Matthews was not acting as its agent. Plaintiffs cannot point to any evidence tending to show agency, but argue, correctly, that the statutory presumption of Mass.Gen.L. ch. 231, § 85A ("section 85A") is the functional equivalent. This court concludes nonetheless that because there is no genuine issue of material fact, Nissan's motion for summary judgment must be *ALLOWED*.

## BACKGROUND

Defendant Matthews worked for defendant Nissan as a warehouse supervisor in Mansfield, Massachusetts. As a benefit, Matthews was allowed to lease a car from Nissan for his full-time personal use. Under the terms of the lease, Nissan provided insurance coverage. The lease made clear that it did not in itself create a relationship of agency: "The agreement is one of Lease only and no relationship other than that between Lessor and Lessee is created hereby." Exhibit C, para. 6. Nor was a relationship of agency created subsequently. Nissan did not have Matthews use his car for business purposes, either in general or on the night of the accident. According to Matthews' deposition testimony, he used the car exclusively for his own benefit: for commuting, lunch excursions, personal errands, and leisure outings. Exhibit A at pp. 23–25. The accident occurred while Matthews was on his way home from a long evening of socializing at a bar in Newport, Rhode Island—at 1:56 a.m on Sunday, July 21, 1991. Exhibit A at p. 56. The credibility of this testimony is not challenged by plaintiffs. *See* Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment at 2.

## DISCUSSION

### A. *The Massachusetts Rule*

The only basis on which, it is suggested, a factfinder could find that a relationship of agency existed is the statutory presumption arising from the fact that the car was registered in Nissan's name. Section 85A provides as follows:

In all actions to recover damages for injuries to the person or the property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.

To properly understand this statute, one must know that Massachusetts is among those states where "prima facie evidence is evidence, remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant." *Pochi v. Brett,* 319 Mass. 197, 203, 65 N.E.2d 195, 198 (1946) (citation omitted). The effect of this presumption respecting a fact which is an element of plaintiff's claim must be determined under state law. See Fed.R.Evid. 302 (effect of presumptions in diversity cases).

The leading recent case on Section 85A is *Cheek v. Econo–Car Rental System of Boston, Inc.,* 393 Mass. 660, 473 N.E.2d 659 (1985). In *Cheek,* the offending car was registered in the defendant's name, thus triggering section 85A, but there was strong evidence in the record suggesting that the driver was not the agent of the owner. The controverting evidence was, in fact, quite similar to that presented in this case—the driver was returning from a nightclub in a rental car in the early morning at the time of the accident. The trial judge after a bench trial held the owner liable as a matter of law. The Appellate Division found this ruling to be erroneous and ordered a new trial. The Supreme Judicial Court, by a vote of 4–3, affirmed the Appellate Division, on the reasoning that there was in fact evidence in the record tending to controvert the presumption. *Id.* at 663, 473 N.E.2d at 661. The majority reasoned: "The evidence was sufficient to warrant a finding either way on the agency question ... because it was theoretically possible, although unlikely, that [the driver] rented the vehicle from the defendant but was also using the vehicle at the time of the accident in furtherance of the defendant's

business and under the defendant's right of control." *Id.* The dissenters, including Justice Liacos, perceived no error at all, for they assumed that the initial trial judge must have discredited the controverting evidence.

Four older cases are also noteworthy. In each, the jury found for plaintiff on the strength of the statutory presumption alone, notwithstanding evidence rebutting the presumption. *See Nugent v. Classic Car Corp.,* 379 Mass. 913, 393 N.E.2d 934 (1979); *Bergdoll v. Suprynowicz,* 359 Mass. 173, 268 N.E.2d 362 (1971); *Arrigo v. Lindquist,* 324 Mass. 278, 85 N.E.2d 782 (1949); *Pochi, supra.* In *Arrigo* and *Pochi,* the trial and reviewing court let the verdict stand. In *Nugent* and *Bergdoll* the trial judge set aside the verdict as a matter of law, but the results on appeal differed. In *Nugent,* the trial judge was reversed on the grounds that "the issue of ownership (and control) was for the jury to decide." 379 Mass. at 914, 393 N.E.2d at 935. In *Bergdoll,* the trial judge was affirmed on the grounds that "[t]he fact that the plaintiffs were aided by the prima facie evidence of agency created by G.L. c. 231, § 85A, did not deprive the court of its power to set aside the verdict if the weight of the other evidence in the case ... tended to prove that no agency relationship existed." 359 Mass. at 174, 268 N.E.2d at 363.

Plaintiffs cite *Cheek* for the proposition that, when the section 85A presumption is raised and opposed, the existence or non-existence of an agency relationship between driver and owner is a question for the factfinder. In so understanding *Cheek,* plaintiffs are in good company. *See* Paul J. Liacos, *Handbook of Massachusetts Evidence* 230 (6th ed.1994) ("where this is evidence to contradict the prima facie evidence created by the statute, the agency issue is a question of fact for the jury or (in a case of a bench trial), the judge."). They are also in substantial sympathy with the rule articulated in older Massachusetts case law. *See Arrigo,* 324 Mass. at 280, 85 N.E.2d at 783 (under section 85A, "the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as agency of the driver in behalf of the defendant is concerned.") (citation omitted).

### B. The Effect of the Massachusetts Rule in Federal Court

In a number of circuits, "it now is settled, with varying degrees of firmness, that a federal test controls on the question of the sufficiency of the evidence." 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2525, at p. 272 (2d ed. 1994) (arguing that the federal test should control the sufficiency of the evidence). Although "the agreement is far from universal," *Id.* at p. 273, the prevailing view is that a "state scintilla of evidence rule or a provision directing that a particular issue always be given to the jury is ignored by the federal courts in diversity cases." *Id.* at 275. *See Wratchford v. S.J. Groves & Sons Co.,* 405 F.2d 1061, 1066 (4th Cir.1969) ("A choice of a rule as to the quantum of proof necessary to support the submission of a case to a jury plays no role in the ordering of the affairs of anyone. It is not the kind of rule which must inexorably find its governance in a diversity case in the corpus of state law."); *Ford v. Citizens & Southern Nat'l Bank,* 928 F.2d 1118, 1121 (11th Cir.1991) (upholding summary enforcement of a settlement agreement, despite the existence of a state rule requiring settlement agreement disputes to be submitted to a jury, on the grounds that this state rule was procedural in nature). Particularly on point is *Owens v. Internat'l Paper Co.,* 528 F.2d 606 (5th Cir.1976). In *Owens,* the court was faced with a state presumption requiring submission to a jury of negligence and causation questions in crossing accident cases where the motorist failed to stop. Appellant's assertion that this state rule precluded a directed verdict was rejected as an "attempt[ ] to apply state procedural rules to the judge-jury relationship in federal court." *Id.* at 611.

The application of such a state provision in federal court would infringe on federal power to determine when a party has submitted sufficient evidence to justify a jury trial. *See Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as in other actions."). Accordingly, this court concludes that the feder-

al summary judgment test should control the question whether there is a genuine issue of material fact requiring a trial.

### C. Federal Summary Judgment Standards

 Because federal law controls the procedural aspects of a diversity case, the grant of summary judgment is controlled by Fed. R.Civ.P. 56, as interpreted in the federal courts. *Hammer v. Slater*, 20 F.3d 1137, 1140 (11th Cir.1994).

The "judge's function" at the summary judgment stage is to determine whether there is a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *accord Liberty Lobby, supra* ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."). It follows that "some metaphysical doubt as to the material facts" will not suffice to forestall summary judgment. *Matsushita, supra.* Similarly, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.

The First Circuit has echoed these sentiments in glossing the term, "genuine." A " 'genuine' fact dispute is one that a reasonable decisionmaker could decide in favor of either party under the applicable standard of proof, or in other words, one that is worthy of being more fully adjudicated. To force an [adjudicating body] fully to adjudicate a dispute that is patently frivolous, or that can be resolved in only one way, or that can have no bearing on the disposition of the case, would be mindless, and would suffocate the root purpose for making available a summary procedure." *Puerto Rico Aqueduct & Sewer Authority v. U.S. E.P.A.*, 35 F.3d 600, 605 (1st Cir.1994) (discussing application of summary procedures in administrative context); *see also Blanchard v. Peerless Ins. Co.*, 958 F.2d 483, 488 (1st Cir.1992) (summary judgment appropriate where only one inference can be drawn from totality of circumstances revealed by undisputed evidence).[1]

### D. Conclusion

 Under the federal summary judgment standard, as recalibrated by the *Celotex* trilogy, summary judgment must be granted for defendant. Although the statutory presumption provides a scintilla of evidence in plaintiff's favor, the overwhelming weight of the evidence makes it inevitable that the issue of agency can be resolved only in favor of defendant.

### ORDER

Defendant Nissan's Motion for Summary Judgment (Docket #25) is **ALLOWED** on Counts VI, VII, VIII, IX, X, XIII and XIV of the second amended complaint.

---

1. Indeed, in light of the Supreme Judicial Court's recent adoption of the *Celotex* standards, there is some suggestion that the state courts would reach the same result. *See Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 712, 575 N.E.2d 734, 738 (1991) (adopting *Celotex* standards).