Gershengorn, J.
BACKGROUND
Plaintiff Marie McGonigle brought this action after suffering personal injuries in an automobile collision. *110 Plaintiff was a passenger in a vehicle driven by defendant Siobhan Hammer and owned by defendant Hertz Corporation. The vehicle collided with a vehicle driven by defendant James Tracy. Tracy filed a third-party complaint against Hammer, alleging that her negligence was the cause of the accident, and against Hertz on the theory that Hertz is legally responsible for Hammer’s negligence.
Hertz has moved for summary judgment, arguing that there is no evidence of any relationship between itself and Hammer that would make it liable.
DISCUSSION
Summary judgment is warranted in this case under the standard enunciated by the Supreme Judicial Court in Kourovacilis v. General Motors Corporation, 410 Mass. 706 (1991). In KourovaciLis, the SJC adopted the summary judgment standard developed by the Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), and held that a party is entitled to summary judgment if he demonstrates, unmet by countervailing materials, that the opposing party has no reasonable expectation of proving an essential element of that party’s case. Kourovacilis, 410 Mass. at 716.
In this case, defendant has presented evidence demonstrating the absence of any agency relationship between Hertz and Hammer. The parties opposing the motion for summary judgment have failed to point to any evidence suggesting that Hertz exercised any control over Hammer.
This result is dictated despite G.L.c. 231 §85A, which states that in any action to recover damages arising out of a motor vehicle accident, the owner of the motor vehicle at the time of the accident shall be presumed to have been in control of the person who operated the vehicle. Here, the presumption of Hertz’ control has been completely overcome, leaving no factual question.
II is true that in earlier cases with similar fact patterns, it was held that a defendant’s introduction of evidence rebutting the statutory presumption of control created a factual question. Nugent v. Classic Car Corp., 373 Mass. 913 (1979); Cheek v. Econo Car Rental System of Boston, Inc., 393 Mass. 660 (1985). However, these cases did not hold that the presumption could not be rebutted so overwhelmingly that no factual question would remain. Further, these cases were pre-Kourovacilis. While the statutory presumption of control is still relevant, KourovaciLis provides the relevant context in which to evaluate this presumption.
In a similar situation, the court in Richardson v. Matthews, 882 F.Supp. 6 (D.Mass. 1995), recognized that earlier Massachusetts cases had found the issue of ownership and control to be factual. However, the court found summary judgment warranted under the Celotex standard since no real evidence of the defendant’s control over a motor vehicle had been presented.
Similarly, Judge Charles F. Barrett found in Delgenio v. Pellegrino, No. 91-6459, that no factual question was presented as to a defendant’s ownership and control of a vehicle under the KourovaciLis standard. This court also finds his reasoning persuasive.
ORDER
It is therefore ORDERED that the motion of third-party defendant the Hertz Corporation be ALLOWED