Rup, J.
The plaintiff, Lois Puopolo (Puopolo), brought this action for injuries she sustained in an automobile collision. After a trial, the jury concluded that Puopolo and both defendants, Jeffrey Paul Burr (Burr) and Matthew M. Thompson (Thompson), were each 33V3% negligent for the accident. The jury awarded Puopolo $3,000 in damages. Puopolo now moves for a new trial pursuant to Mass.R.Civ. P. 59(a).
DISCUSSION
During the trial, the jury heard the following evidence. On July 1, 1998, Puopolo was driving on Page Boulevard in Springfield, Massachusetts. Page Boulevard has two lanes of traffic in each direction and Puopolo was traveling in the left lane at thirty to thirty-five miles per hour. Puopolo testified that Burr’s car sped past her on the right traveling as fast as fifty miles per hour.[2] Without signaling or giving warning, Burr cut in front of her. He then braked suddenly before turning left onto a side street. Puopolo braked to avoid hitting Burr. Thompson was traveling behind Puopolo, and, after she braked, Thompson’s truck ran into her car. Burr testified that he had sufficient time to pull in front of Puopolo and to execute his turn.
With respect to damages, the juiy heard that Puopolo’s medical bills totaled $12,416. Puopolo testified that she also missed several days of work and continues to suffer headaches and pain in her back and neck. Since the accident, Puopolo has met with several chiropractors, physical therapists, and surgeons and she regularly receives treatment for her pain. She also testified that she cannot sit or drive for long periods of time, has difficulty sleeping, and cannot perform household chores as she once did.
DISCUSSION
Puopolo moves for a new trial on two grounds. She argues that the jury’s verdict was contrary to the weight of the evidence as to both liability and damages.
“The grant or denial of a motion for ‘a new trial on the ground that the verdict is against the weight of the evidence is in the discretion of the judge.’ ” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989), quoting Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1976). A judge should only exercise this discretion when the verdict “is so greatly against the weight of the evidence as to induce in [her] mind the strong belief that it was not due to careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.” Scanned v. Boston Elevated Ry., 208 Mass. 513, 514 (1911).
In the present case, I agree with Pupolo’s argument that the jury’s finding that the parties were equally responsible for causing the accident is greatly against the weight of the evidence. There was no direct evidence that Puopolo was negligent. If the jury credited Burr’s testimony that he had adequate time to make a safe turn and lane change, it would have found that Puopolo, Thompson, or both caused the collision. If, on the other hand, the jury credited Puopolo’s and Thompson’s testimony that Burr cut in front of Puopolo and stopped suddenly without warning, the jury could have found that Burr’s conduct alone caused the collision. By appearing to credit the testimony of all the parties and finding that all parties were equally responsible, the jury’s verdict is inconsistent with the evidence presented. Thus, to the extent Puopolo seeks a new trial on the defendants’ claims of comparative negligence, the motion is allowed.
Furthermore, the jury’s verdict regarding damages was inconsistent with the evidence presented at trial and “greatly disproportionate to the injury proved.” See Bartley v. Phillips, 317 Mass. 35, 41 (1944). The jury awarded Puopolo only $3,000, despite evidence that, following the collision, she: (1) incurred medical bills as a result of the accident that totaled $12,416.24; (2) missed several days of work; (3) has experienced and continues to experience extensive pain and suffering; and (4) can no longer perform daily activities as she once did. The defendants’ argument that the jury could have found that Puopolo’s medical treatment and subsequent pain and suffering were unrelated to the collision is without merit and against the weight of the evidence. Even though Puopolo had been treated for lower back pain in the past, after the collision she was treated for headaches and upper back and neck pain. The law provides for recovery of *739 damages for exacerbation of a pre-existing medical condition. Here, several of Puopolo’s medical providers, who were aware of her prior condition, stated that her upper back and neck pains were causally related to the accident. The defendants presented no evidence to the contrary.
Mass.R.Civ.P. 59(a) provides in relevant part, “. . . A new trial should not be granted solely on the ground that damages are inadequate until the prevailing party has been given an opportunity to accept an addition to the verdict of such amount as the court adjudges reasonable.” I find that damages in the amount of $45,000.00 would have been reasonable and adequate in view of the expenses incurred by Puopolo and the severe pain she suffered. Therefore, a new trial shall be granted in this matter on the issue of damages if the defendants do not accept an addition to the verdict in the amount of $45,000.
ORDER
For the reasons stated above, it is hereby ORDERED that the plaintiffs motion for a new trial on the issue of comparative negligence is ALLOWED and the plaintiffs motion for a new trial on the issue of damages is ALLOWED unless the defendants accept an addition to the verdict in the amount of $45,000.00.

Burr testified that he was traveling forty to forty-five miles per hour.