Lauriat, J.
Michael J. Lanni (“Lanni”) filed a negligence action against Stephen O’Donnell (“O’Donnell”) and Honda Lease Trust (“Honda”) for injuries Lanni sustained on December 5, 2001, in an accident involving a motor vehicle leased by O’Donnell from Honda. Honda has moved for summary judgment as to all paragraphs in the complaint against it. For the following reasons, Honda’s motion for summary judgment is denied.

BACKGROUND

The undisputed material facts and the disputed material facts viewed in the light most favorable to the plaintiff, as revealed by the summary judgment record, are as follows. On December 5, 2001, Lanni and O’Donnell were involved in a motor vehicle accident on West Street in Everett, Massachusetts. At the time of the accident, O’Donnell was driving an automobile that he and Bernard G. Berkman Associates, as co-lessees, leased from Honda. Honda remained the owner of the vehicle. O’Donnell’s relationship with Honda is governed by the Closed-End Vehicle Lease Agreement (“lease agreement”) he signed with Honda on February 25, 1999. The lease agreement contained a number of restrictions including a requirement that O’Donnell pay for a higher amount of insurance coverage than required under state law, and an indemnity agreement between the parties. Lanni asserts that Honda is responsible for O’Donnell’s negligence because O’Donnell was acting as Honda’s agent at the time of the accident.

DISCUSSION

The court will grant summary judgment, pursuant to Mass.R.Civ.P. 56, where no genuine issues of material fact exist and where the moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party bears the burden of demonstrating both that there is no triable issue of fact and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis, 410 Mass. at 714; Flesner v. Technical Comm. Corp., 410 Mass. 805, 809 (1991). “(TJhe opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Lanni claims that O’Donnell was acting on behalf of Honda at the time of the accident because Honda’s ownership of the vehicle is “prima facie” evidence of an agency relationship under G.L.c. 231, §85A, and because of the terms of the lease agreement between O’Donnell and Honda in this case.
A.
General Laws c. 231, §85A was enacted to assist plaintiffs who were injured in automobile accidents in proving vicarious liability. See Legarry v. Finn Motor Sales, Inc., 304 Mass. 446, 448 (1939) (“It was obviously intended to do away with the difficulty which under the law as it had previously stood was often encountered by injured persons in trying to make formal proof that the driver was operating in the owner’s behalf at the time of an accident”). This statute provides that, ■
In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.
G.L.c. 231, §85A.
When considering this question, it is important to note how Massachusetts courts view prima facie evidence. “In this Commonwealth, prima facie evidence is evidence, remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant.” Pochi v. Brett, 319 Mass. 197, 204 (1946) (internal quota *448 tions omitted). In interpreting this statute, the Supreme Judicial Court has found that the mere fact of registration in the name of the defendant as owner of the vehicle is sufficient to get the case to the jury. Cheek v. Econo-Car Rental Sys. of Boston, Inc., 393 Mass. 660, 662 (1985) (as a result of G.L.c. 231, §85A, “the existence or nonexistence of a master servant relationship was a question of fact”); Feltch v. Gen. Rental Co., 383 Mass. 603, 611-12 (1981) (directed verdict for the defendant was improper because defendant’s ownership of the vehicle meant that the case should be decided by a jury); Nugent v. Classic Car Corp., 379 Mass. 913, 913 (1979) (where the corporation owned the vehicle, “the issue of ownership (and control) was for the jury to decide”); Arrigo v. Lindquist, 324 Mass. 278, 279-80 (1949) (the statute G.L.c. 231, §85A “dispense(s) with proof that the person operating the automobile was the servant of the registered owner, acting within the scope of his employment, and makes it possible for the jury to find that he was such servant without other evidence to that effect, and to disbelieve any evidence that he was not”); Legarry v. Finn Motor Sales, 304 Mass. 446, 447 (1939) (“Under this statute [G.L.c. 231, §85A] the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as agency of the driver in behalf of the defendant is concerned”).
Many of these cases held that because of G.L.c. 231, §85A, granting a directed verdict was improper in a vicarious liability case — even where the only evidence of agency was ownership of the vehicle. See Feltch, 383 Mass. at 611-12; Nugent, 379 Mass. at 913; Pochi, 319 Mass. at 198-99. If such evidence “standing alone, is sufficient to defeat a motion for directed verdict, then similar evidence here, standing alone, must also be sufficient to defeat a motion for summary judgment.” St. Pierre v. Penske Truck Leasing Corp., Civil No. 4805 (Middlesex Super.Ct. Dec. 13, 2001) (Gants, J.) (14 Mass. L. Rptr. 149).
Lanni asserts that this court should follow Richardson v. Matthews, 882 F.Sup. 6, 9 (D.Mass. 1995), a federal court decision interpreting G.L.c. 231, §85A. In that case, the court allowed the defendant’s motion for summary judgment because “the overwhelming weight of the evidence ma[de] it inevitable that the issue of agency can be resolved only in favor of defendant.” Id. at 7. That case is distinguishable from the present action. First, the lease in Richardson contained explicit language that no agency relationship existed between the lessor and the lessee. Id. at 6 (“[t]he agreement is one of Lease only and no relationship other than that between Lessor and Lessee is created hereby”). No such language exists in the lease in this case.
In addition, the reasoning in Richardson is not persuasive, since the court declined to follow well-established Supreme Judicial Court precedent, and ignored the prima facie nature of the evidence that required it to be heard by the jury. See id. at 7-9 (“the prevailing view is that a state scintilla of evidence rule or a provision directing that a particular issue always be given to the jury is ignored by the federal courts in diversity cases”) (emphasis added) (internal quotation omitted). As Judge Gants wrote in St. Pierre,
Until the Supreme Judicial Court returns to its original interpretation of G.L.c. 231, §85A and permits summary judgment or a directed verdict in rare cases when overwhelming, undisputed evidence establishes the affirmative defense that the driver was not under the control of the owner, proof that the vehicle is registered in the name of the defendant will always be sufficient, standing alone, to defeat motions for summary judgment and a directed verdict on the issue of agency.
B.
Furthermore, there are provisions in the contract that raise a genuine issue of material fact about whether an agency relationship existed between O’Donnell and Honda. The lease agreement required O’Donnell to pay for and maintain a greater amount of liability insurance coverage than required by state law. Under G.L.c. 90, §34A, an automobile owner must maintain compulsory liability insurance coverage of $20,000 for personal injury or death to one person and coverage of $40,000 for personal injury or death to more than one person. Moreover, G.L.c. 90, §340 requires that an automobile owner maintain $5,000 in property damage liability. By contrast, the lease agreement mandates that O’Donnell, as lessee, maintain coverage up to $100,000 for injuries to one person or $300,000 for injuries from any one accident and $50,000 in property damage liability.
Moreover, under the lease agreement, O’Donnell agreed to indemnify Honda, as lessor, from any loss or damage to the vehicle from all claims, losses, and costs related to the use or condition of the vehicle. Also, Honda prohibited O’Donnell from using the vehicle to pull certain types of trailers, prohibited him from removing the vehicle from the forty-eight contiguous United States without Honda’s consent, and prohibited him from altering, marking, or installing equipment in the vehicle without Honda’s written consent. These measures of control, in conjunction with the prima facie evidence that ownership of the vehicle raises under G.L.c. 231, §85A, create sufficient genuine issues of material fact about an agency relationship between O’Donnell and Honda to require that Honda’s motion for summary judgment be denied.

ORDER

For the forgoing reasons, the Defendant, Honda Lease Trust a/k/a American Honda Finance Corporation’s Motion for Summary Judgment is DENIED.