Nestor, J.
On October 27, 2009, the plaintiff, Jose A. Arrendondo (“Arrendondo”), was driving his car, while his friend, Carlos Gonzalez, was a passenger in the front seat It was late in the day, just about the time the sun was setting. It was raining, and the road was wet. Arrendondo was driving at a speed of about twenty-five miles per hour; he slowed as he approached an intersection; and he then came to an abrupt stop to make a turn. The defendant, Andres Frias (“Frias”), was driving his GMC Sierra truck some distance behind Arrendondo. Frias tried to stop his vehicle as he approached the intersection. His brakes locked, and the vehicle began to skid and slide toward Arrendondo’s car. This resulted in a rear-end collision. Arrendondo claimed to have suffered losses as a result of a shoulder injury from the accident
Frias had recently purchased his vehicle, which needed significant repairs before he could drive it. Frias worked as a mechanic for a number of years and did all of the work on his own. Extensive repair work was done on the car, including the brakes being fixed two days prior to the accident.
The jury returned a verdict for Frias. Counsel for Arrendondo filed a timely motion for a new trial. Arrendondo argued that the jury’s verdict was against the weight of the evidence and should be set aside. The trial judge denied the motion, and Arrendondo has appealed.
The only issue is whether the trial judge abused his discretion in denying Arrendondo’s motion for a new trial. “The granting or denying of a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge.” Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). The standard for abuse of discretion has long been described as follows:
The word [discretion] imports the exercise of discriminating judgment within the bounds of reason. Discretion in this connection means a sound judicial discretion, enlightened by intelligence and learning, controlled by sound principles of law, of firm courage combined with the calmness of *75 a cool mind, free from partiality, not swayed by sympathy nor warped by prejudice nor moved by any kind of influence save alone the overwhelming passion to do that which is just
Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 496-497 (1920).
The Supreme Judicial Court has recently addressed this standard and has announced a new standard of review, in L.L. v. Commonwealth, 470 Mass. 169 (2014), for whether a judge has abused his or her discretion:
In discussing the abuse of discretion standard in [Commonwealth v.] Ronald R., 450 Mass. [262,] 267 [(2007)], the court stated: ‘In order for the juvenile to sustain an abuse of discretion claim, he must demonstrate that “no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.” Commonwealth v. Ira I., 439 Mass. 805, 809 (2003), quoting Commonwealth v. Bys, 370 Mass. 350, 361 (1976).’ See Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 502 (1920). As the dates of the cases just cited suggest, this articulation of the abuse of discretion standard of review has enjoyed a long career in our jurisprudence, but, we conclude, it has ‘earned its retirement.’ Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). An appellate court’s review of a trial judge’s decision for abuse of discretion must give great deference to the judge’s exercise of discretion; it is plainly not an abuse of discretion simply because a reviewing court would have reached a different result. See Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). But the ‘no conscientious judge’ standard is so deferential that, if actually applied, an abuse of discretion would be as rare as flying pigs. When an appellate court concludes that a judge abused his or her discretion, the court is not, in fact, finding that the judge was not conscientious or, for that matter, not intelligent or honest. Borrowing from other courts, we think it more accurate to say that a judge’s discretionary decision constitutes an abuse of discretion where we conclude the judge made ‘a clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives. See Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 168-169 (2d Cir. 2001); Adoption of Mariano, 77 Mass. App. Ct. 656, 660 (2010).
Id. at 185 n.27.
Arrendondo suggests that the mere happening of a rear-end collision with this set of facts and circumstances required a finding of negligence against Frias. It is well established that the plaintiff bears the burden of proof. See Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940). ffhe mere happening of an accident is not sufficient itself to require a finding of negligence. Spano v. Wilson Tisdale Co., 361 Mass. 209, 212 (1972). Arrendondo having failed to satisfy his burden, it cannot be said that the trial judge abused his discretion in denying his motion for a new trial.
Judgment affirmed.