STATE TAX COMMISSION *vs.* DAVID A. BURR, trustee.

Suffolk.   March 9, 1966. — April 8, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax.   *Trust,* Taxation.

Respecting an irrevocable trust created by an inhabitant of Massachusetts, having a Massachusetts trustee, and providing that the trust income and principal could be expended by or for the benefit of a minor resident of Massachusetts, as the trustee should determine, until the beneficiary "attains the age of twenty-one years or dies, whichever first occurs," that when she reached that age the remaining trust property should be paid to her, free of trust, and that if she should die before attaining that age the property should be paid as she should appoint by will, or, in default of such appointment, should be paid to her estate, it was held that the beneficiary while a minor had such an interest in the trust property that under G. L. c. 62, § 12, the $2,000 exemption provided by § 8 (a) could be claimed against 1958 trust income consisting of capital gains taxable under § 5 (c).

---

APPEAL from a decision by the Appellate Tax Board.

*Peter Roth,* Assistant Attorney General, for the appellant.

*W. James McDonald,* for the appellee.

CUTTER, J. This case was argued with *State Tax Commn.* v. *Loring, ante,* 568. The facts in general are similar to those in the *Loring* case. Significant differences are mentioned below.

Burr, an inhabitant of Massachusetts, is sole trustee under an irrevocable inter vivos trust created by an inhabitant of Massachusetts for Constance Hewitt Burr, also an inhabitant of Massachusetts and a minor. The trust instrument provides that the trust income and principal may be expended by, or for the benefit of, Constance, as the trustee may determine, until Constance "attains the age of twenty-one years or dies, whichever first occurs." If Constance is alive when she reaches twenty-one years of age, the remaining trust corpus and undistributed income is to be paid to her, free of any trust. If she dies before attaining the age of twenty-one, the trustee is to pay over the remaining trust corpus and undistributed income as Constance may appoint by will, and, in default of such appointment, to her estate.

The 1958 "trust income consisted solely of $1,933.82 of gain from the sale of intangible personal property." With the trust income tax return (form 2), reporting this income, the trustee filed the beneficiary's 1958 claim of $2,000 exemption (form 20) duly executed. The commission disallowed the exemption and assessed a tax of $142.70 upon the gain, with interest. This tax has been paid. Abatement of the tax was refused. Upon the trustee's appeal to the Appellate Tax Board, there was a decision for the trustee. The commission appealed.

The case is largely governed by our decision in the *Loring* case, *ante,* 568. Constance's interest in the trust property was vested and not subject to be divested upon a contingency mentioned in the trust instrument. Because Constance was an inhabitant of Massachusetts, the trustee

received 1958 income which was of a type subject to tax, but, in behalf of Constance, he was entitled to claim the benefit of the $2,000 exemption granted by G. L. c. 62, § 8 (a), as amended through St. 1951, c. 800, § 5, with respect to "income taxable under" § 5 (c) and "received by a person whose total income from all sources does not exceed" $2,000 during the year. See G. L. c. 62, § 12, as to the method of claiming this exemption. The exemption should have been recognized, because Constance had a vested beneficial interest in the trust property and income, which entitled her to claim the exemption. Cf. *State Tax Commn.* v. *Blinder,* 336 Mass. 698, 703, where the claim was denied because the income was accumulated for "persons with uncertain interests."

By stipulation the decision in another case involving substantially identical issues is to be governed by the decision in this case. In each case, the following entry will be made,

<div align="center">

*Decision affirmed with costs*
*to the trustee.*