FREDERICK MCDONALD & another[1] *vs.* STANLEY J. LAVERY & others.[2] Nos. 88-P-264 & 88-P-659. March 9, 1989. *Negligence, Parent, Intentional conduct.*

The plaintiffs, Frederick McDonald and his son, Michael, appeal from a Superior Court judge's entry of summary judgment in favor of the defendants, Stanley Lavery, Ann Lavery and their son, Peter. We affirm.

It is not disputed that Frederick was seriously wounded on October 28, 1985, as a result of gunshots fired by Peter. The incident occurred at the Laverys' home. The first count of the plaintiffs' five-count amended complaint alleged that Peter committed an assault and battery on Frederick by use of a firearm. The second count alleged that Peter was negligent in his use of a rifle and, as a result of such negligence, shot Frederick. The third count named as defendants Stanley and Ann Lavery, parents of Peter. It alleged that they knew that their son had a propensity to commit and participate in acts of violence and recklessness; that Peter was prone to frequent bouts of intoxication and, while intoxicated, acted viciously and without due care. The count further alleged that, despite this knowledge and their ability to control their "unemancipated" son's conduct, the parents were negligent in that they permitted their son to keep guns and ammunition at their home and failed adequately to supervise and control Peter while he resided there. The fourth and fifth counts sought recovery on behalf of Frederick's son, Michael, against Peter and his parents, respectively, for

---

[1] Michael McDonald.
[2] Ann Lavery and Peter Lavery.

emotional distress and his loss of parental society and support occasioned by the injuries suffered by his father.

Stanley and Ann Lavery filed a motion for summary judgment supported by several affidavits as well as extracts from a deposition of Frederick. Peter also filed a motion for partial summary judgment as to the second and fourth counts which alleged that he negligently shot Frederick. His motion was supported by extracts from depositions. In opposition to the motions, the plaintiffs filed affidavits of various persons as well as extracts from depositions.

We summarize the facts as asserted in the parties' affidavits and dispositions, viewed in the light most favorable to the plaintiffs. See, e.g., *Coveney* v. *President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 17 (1983), and cases cited. At about 7:30 P.M. on October 28, 1985, Frederick called Peter and invited him to watch a baseball game at a local bar. Peter accepted Frederick's invitation, and Frederick drove to the Laverys' home to pick him up. They drove to the bar and watched the game. While there, Peter drank four or five glasses of scotch whisky. They then drove to Providence where Peter had more drinks. At approximately 1:15 A.M., Frederick drove Peter home. Peter was intoxicated and passed out on the way. When they arrived at the Laverys' house, Peter awoke and asked Frederick in for a drink. He agreed, and they started to walk from Frederick's car toward the house. Frederick noticed that Peter had his automobile keys in his pocket and asked that they be returned. Peter denied taking the keys and attacked Frederick, punching and pushing him to the ground and choking him. After the short fight, Peter went into his house with Frederick's keys. Without the keys, Frederick could not drive home. He called out to Peter to return the keys.

Peter kept a rifle in the house. When he heard Frederick call to him, he loaded the rifle and took it outside. He walked to Frederick and intentionally shot into the ground three times, about fourteen feet away from Frederick. Frederick was startled by the shots and his body jerked in reaction. Peter then shot twice, hitting Frederick's hand. After he was shot, Frederick moved toward Peter. Peter shot Frederick again, hitting him in the stomach.

At the time of the incident, Peter was twenty-seven years of age and lived with his parents. They were in Europe at the time that Frederick was shot. Peter was self-supporting, gainfully employed, and had lived away from home three different times for extended periods. He was also an alcoholic, and his parents were aware of his condition. They were aware that he had been arrested on at least eight occasions for driving under the influence of alcohol. The parents also knew that Peter was violent when intoxicated. He was often brought home visibly bruised and bloodied from fighting when drunk. When he went out at night, his parents admonished him to stay calm and "mind his own business," knowing that he was prone to violent acts when intoxicated.

Peter, at times, would shoot his firearms while intoxicated. His parents would try to intervene when he left the house, drunk, with his guns. He shot at the insulators in high power lines behind his parents' house, and his father warned him against such conduct.

The motion judge allowed the Laverys' motion for summary judgment on the third and fifth counts of the complaint. He ruled that "as a matter of law" the Laverys were not liable for the actions of their adult son. Later, the judge allowed Peter's motion for partial summary judgment on counts two and four. The judge ruled that "[a]s a matter of law plaintiff's injury resulted solely and wholly from intentional acts of [Peter]." On appeal, the plaintiffs claim that the judge's actions on the motions constituted error.

1. *Liability of the parents.* The plaintiffs claim that there was a material issue as to whether Peter was emancipated from his parents at the time he shot Frederick. We disagree. At the time of the incident that was the basis of the plaintiffs' complaint, Peter was twenty-seven years of age. He was, therefore, an adult. See G. L. c. 4, § 7, Forty-eighth and Fiftieth (1986 ed.) (defining the terms "minor" and "adult"). He had graduated from high school ten years earlier, attended the Massachusetts Maritime Academy, and had been working full-time off and on for several years. "The fortuity of [Peter's] living in [his parents'] home does not create a duty where none otherwise exists; nor does their status as parents, without more, impose on [them] the duty to supervise and control their emancipated adult son." *Alioto* v. *Marnell*, 402 Mass. 36, 39 (1988).

The plaintiffs argue that even if Peter was an emancipated adult the parents were negligent because they knew of his misuse of firearms. They do not cite any decision that supports their argument. In addition, there was no evidence that the parents knew or should have known that Peter had a propensity for using his firearms in a violent or threatening manner toward anyone prior to the incident here.

2. *Liability of Peter.* The plaintiffs claim that it was error for the judge to grant Peter's motion for summary judgment on the second and fourth counts of the amended complaint. Both counts alleged that Peter was negligent in the use of the firearm. There was no evidence presented to the judge that showed any negligence on the part of Peter. Rather, the record clearly established that Peter intentionally shot Frederick. "[A] finding of intentional conduct precludes a finding that the same conduct was negligent." *Sabatinelli* v. *Butler*, 363 Mass. 565, 567 (1973). Therefore, the judge was correct in allowing Peter's partial motion for summary judgment. We note that the first count of the amended complaint that alleged Peter had committed an assault and battery on Frederick was dismissed by stipulation of the parties after the judge's action on the motions.

3. *Other matters*. Because it would not have affected our decision, we need not reach the plaintiffs' argument that certain material should not have been included in the record appendix.

*Judgments affirmed.*

*Patricia C. Ma* for the plaintiff.
*Diane Swierczynski* for Stanley J. Lavery & another.
*John J. Kuzinevich* for Peter Lavery.