Coven, J.
This is an action in contract and tort to recover for an alleged violation of a construction loan agreement. The plaintiff-borrowers brought this action for breach of fiduciary duty, breach of contract and negligence against the defendant-lender. The plaintiffs now appeal from the allowance of the defendanf s Dist./Mun. Cts. R Civ. P., Rule 56 motion for summary judgment on all counts.
The plaintiffs obtained a loan from the defendant to build a new home on land they had purchased in Salisbury, Massachusetts in early 1988. Plaintiff Irene Blais was a real estate sales agent and plaintiff Raymond Blais was a truck driver; neither of the plaintiffs had ever constructed a home. The plaintiffs were not represented by an attorney in the negotiation and signing of the construction loan.
The actual construction loan agreementwas signed on July 1,1988. The agreement provided that disbursements were to be made, upon the signature of the plaintiffs, when the construction reached stages of completion corresponding to a designated schedule and “upon inspection and approval in each instance by the Lender.” The agreement further provided that the lender could alter disbursements from the schedule at its discretion. Finally, the written agreement provided, in relevant part, that: “[Tjhe Borrower shall have no right to rely on any procedures required by the Lender herein, such procedures being for the protection of the Lender and no one else.”
During the construction, the contractor requested funds and the plaintiffs so informed the defendant. The plaintiffs received a check from the defendant in the amount of $45,000.00, payable jointly to them and the contractor. The plaintiffs informed the defendant of their concern with the large amount of this payment in relation to the amount of work that had actually been completed. An agent of the defendant-bank took back the $45,000.00 check and provided two checks, one for $33,000.00 and a second for $12,000.00, and told the plaintiffs to pay the contractor $33,000.00 and retain the $12,000.00 check. The plaintiffs made the payments to the contractor. All checks issued by the defendant were made payable either to Raymond Blais, Irene Blais and Michael Gamble (the contractor), orto Raymond Blais and Irene Blais. All checks required the endorsement of the plaintiffs.
According to the plaintiffs’ affidavit, the contractor was paid out of the construction loan for approximately twice the amount of work that was actually done, and the disbursements were thus grossly disproportionate to the work as specified in the disbursement schedule. The plaintiffs allege that the contractor was paid for sixty (60%) of the contract work, but had only completed approximately thirty (30%) percent of the work.
*214 After the contractor was paid the $33,000.00 by the plaintiffs, he quit the site and failed to complete the project. The plaintiffs continued to make payments on the loan. Alleging that the lender failed to meet its inspection requirements, the plaintiffs commenced this action.
The defendant filed its motion for summary judgment upon the theory that the plaintiffs had no reasonable expectation of proving their case in light of the explicit language of the construction loan agreement. In essence, the defendant argues that under no set of facts would the plaintiffs be able to sustain their burden under each count of the complaint. Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991); Smith v. Massimiano, 414 Mass. 81 (1993).
The defendant’s motion for summary judgment was properly allowed on all counts based on the express language of the loan agreement that the borrower had no right to rely on any procedures required by the lender in the construction loan agreement. Such agreement constitutes a “detailed and integrated” legal document which “in the absence of fraud, supersedes earlier conversation. Were it otherwise, there would not be much point in drawing and executing integrated documents.” Hogan v. Riemer, 35 Mass. App. Ct. 360, 364 (1993).
The plaintiffs’ complaint does not contain any count for fraud in the inducement.
The written agreement and the facts as presented in the plaintiffs’ affidavit fail to describe that special relationship of trust and confidence which would establish a fiduciary duty. To create such a relationship, the fiduciary, in this case the defendant-lender, would have to know of and accept that trust. Snow v. Merchants National Bank, 309 Mass. 354, 360 (1941). Even though the plaintiffs possessed trust and confidence in the defendant’s obligation to inspect pursuant to their agreement, the plaintiffs cannot transform the parties’ business transaction into one which is fiduciary in nature. Broomfield v. Kosow, 349 Mass. 749, 755 (1965). The relationship of debtor and creditor, without more, does not establish a fiduciary relationship. Shawmut Bank, N.A. v. Wayman, 34 Mass. App. Ct. 20, 24 (1993).
Nor can it be said that the facts could justify a finding that the defendant-lender assumed a duty of care. The loan agreement failed to create any relationship which would impose a duty upon the lender independent of its contractual obligation. RESTATEMENT (SECOND) OFTORTS, §§331,552,552A-B (1977); Banker’s Trust Co. v. Steenburn, 409 N.Y.S.2d 51 (1978).[2]
The plaintiffs’ final argument is that the defendant breached the construction loan agreement by disbursing monies to Gamble, the contractor, without first verifying construction. This argument, however, ignores the fact that the funds were not disbursed by the defendant to the contractor but, rather, to the plaintiffs who then endorsed the checks to the contractor. The argument further ignores the explicit language of the loan agreement which states that the disbursement schedule may be altered at the discretion of the lender, that the inspection procedures outlined in the agreement are solely for the benefit of the lender, and that the plaintiffs could not rely on any such procedures. Having voluntarily entered into this written agreement and in the absence of any showing of fraudulent inducement, which the plaintiffs have not alleged in their complaint, the plaintiffs cannot now complain that they relied to their detriment on the inspection procedures contained in the agreement. Hogan v. Riemer, *215 supra at 364-365.[3]
While the plaintiffs argue that summary judgment was improvidently granted in light of certain contested issues of fact, “the existence of disputed facts is consequential only if those facts have a material bearing on disposition of the case.” Hogan v. Riemer, supra at 364. See also, Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988). Here, the explicit language of the complete and integrated document signed by the parties makes the existence of those disputed facts immaterial. Kourouvacilis v. General Motors Corp., supra at 711; Beatty v. NP Corp., 31 Mass. App. Ct. 606, 608 (1991).
There being no error, the report is dismissed.

 See Thornhale v. Citizen Savings and Loan, 73 Or. App. 230 (1985), wherein the defendant-lender was found to owe no duly to exercise reasonable care to limit the disbursement of loan proceeds on a construction loan.

 While all contracts have an implied covenant of good faith and fair dealing, Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 471-474 (1992); Warner Ins. Co. v. Commissioner of Ins., 406 Mass. 354, 362 n.9 (1990); Fortune v. National Cash Register Co., 373 Mass. 96, 102 et. seq. (1979), the plaintiffs have neither raised in their complaint, nor suggested in their brief, that the defendant’s action ran afoul of this covenant. The plaintiffs have failed to allege sufficient facts to suggest that the defendant-lender was nothonest in its dealings orthat it purposefully injured the plaintiffs’ rightto obtain the benefits of the contract Shawmut Bank, N.A v. Wayman, supra at 25. Compare, Walsh v. Chestnut Hill Bank & Trust Co., 414 Mass. 283 (1993). “ [The defendant] could certainly have been more diligent in its monitoring and its lending decisions with respect to [Gamble]. The rightto monitor [Gamble] was for its own benefit, however, not the [plaintiff-borrowers’] . In sum, if we assume a duly of good faith to exist in the circumstances, there has been no showing of actions on [the defendant’s] part amounting to bad faith.” Shawmut Bank, N.A. v. Wayman, supra at 25-26.