Quinlan, J.
This matter came before the court on the plaintiffs Motion for Partial Summary Judgment under Count 2 of the complaint alleging a fraudulent conveyance. The plaintiff has filed an opposition to the motion.
Count 2 has been brought pursuant to G.L.c. 109A, §4 which provides:
Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration.
Section 2(1) provides that “[a] person is insolvent within the meaning of this chapter when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.”
The plaintiffs motion is supported by the pleadings as well as portions of the deposition of the defendant. Based upon those materials, the facts may be summarized as follows:
The plaintiffs entered into a lease with Canuck, Inc., a corporation owned by the defendant individually. The defendant personally guaranteed the lease. The corporation Canuck, Inc. filed for bankruptcy. From January 1, 1996 through May 31, 1996, Canuck, Inc. failed to pay rents and expenses. The defendant has admitted that some rent is due (i.e. rent for January and February 1996) but disputes the amount claimed due. The monthly rent was “24 and change” meaning $2,400+ per month.
On February 16, 1996, the defendant individually conveyed real estate located at 97 Shelton Road, Swampscott to A. J.A. Realty Trust. The consideration for the transfer was $1.00. The property, a single family home, was subject to mortgages in the amount of approximately $100,000.00 and a municipal water and sewer lien of $5,000.00. The Swampscott Assessor’s records indicate the property has an assessed value of $188,400.00 for fiscal year 1997. The defendant resides at the property and has continued to do so since the transfer. The defendant is a trustee and a beneficiary of the A. J.A. Realty Trust. The other beneficiaries are the defendant’s two children ages 26 *722 and 27. At the time of the transfer, the defendant was not paid anything, nor did he receive anything of value. At the time, the defendant had a few hundred dollars in the bank. As a result of the transfer, the defendant was without assets or property from which to pay his creditors. In addition to the debt owed to the plaintiff, the defendant owed the IRS $24,207.00 and a judgment creditor $3,582.84.
In his opposition, the defendant admits that he conveyed the Swampscott property but asserts the consideration for the conveyance was “the assumption of the outstanding mortgages . . . plus any and all unpaid real estate taxes . . . and all unpaid water and sewer charges as well as the water and sewer lien of $5,000.00.” The defendant denies the value of the property to be $188,400.00. He admits that he is a trustee of the Trust and he and his children are the beneficiaries. He denies he was not paid anything for the conveyance. He further denies that summary judgment on count 2 is appropriate since “[a]t trial the burden will be upon the Plaintiff.” The defendant’s opposition is signed by counsel. It is not supported by any pleadings or affidavits or deposition transcripts.
Discussion
“The party moving for summary judgment ”is obligated to demonstrate that there is no genuine issue as to material facts." Suffolk Builders Supply, Inc. v. Tocci Building Corp., 410 Mass. 151 (1991) (surety bond; amount justly due). A party seeking summary judgment must identify the Rule 56(c) materials relied upon in support of the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 321-22 (1986); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713 (1991). This the plaintiffs have done. They have identified verified pleadings and deposition testimony supporting the claim of fraudulent transfer.
By contrast, the defendant has rested on denials. “Rule 56(e) provides that once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or general denials; he must ‘set forth specific facts’ . . . showing that there is a genuine, triable issue.” Smith v. Massimiano, 414 Mass. 81 85-86 (1993). “ [T]he nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Correllas v. Viveiros, 410 Mass. 314, 317 (1991). The defendant has failed to counter the plaintiffs’ showing and demonstrate the existence of triable issues.
Order
Based upon the foregoing, the plaintiffs’ Motion for Partial Summary Judgment on Count 2 is ALLOWED.