Murphy, Ernest B., J.
Plaintiff, Dean Munson, has filed this class action against the defendant Carl Valente, in his capacity as Town Manager of the Town of Weston, and the Town of Weston alleging violations of G.L.c. 149, §148, which requires weekly or biweekly payment of wages. Plaintiff alleges that there is no genuine issue of material fact related to the defendants’ failure to pay putative class plaintiffs overtime, which violates the statute and entitles them to judgment as a matter of law. For the following reasons, the plaintiff s motion for summary judgment is ALLOWED in part and DENIED in part.

BACKGROUND

The summary judgment record reveals the following undisputed facts. Plaintiff Dean Munson is a uniformed firefighter for the defendant, the town of Weston. He has brought this yet uncertified class action lawsuit on behalf of himself and similarly situated persons. The town of Weston (the ‘Town”) is an incorporated municipality within the Commonwealth which is responsible for maintaining a fire department. The defendant Carl Valente is the Town Manager for the Town and in that capacity is responsible for the administration of the fire department, including the payment of employees of the fire department.
At all times relevant to this litigation, the Town has had a practice of issuing a “call back” to off-duty firefighters whereby the off-duty firefighters are called back to work to replace on-duty firefighters who have left the station due to a variety of calls. The firefighters who are on call back duty are entitled to call back wages pursuant to the collective bargaining agreement between the Town and the Weston Firefighters Union, Local 3660, IAFF. Mr. Munson has worked call back duty hours for the Town for many years, including last year.
The putative class consists of approximately thirty-seven Weston firefighters and officers, retired firefighters and other so-called “call” firefighters who have earned “call back duty” wages and who have not been paid these wages in a timely fashion during the three years preceding the filing of the instant lawsuit and to the present.
The defendants pay the plaintiffs weekly, for a pay period covering the work that the plaintiffs have performed from Sunday through Saturday. The plaintiffs are paid eveiy Thursday for the work performed during the preceding pay period week. The town began paying “call back” pay within seven days after the pay period it was earned until early January of 2005.
On or about August 20, 2004, the plaintiffs filed a non-payment of wage complaint with the Commonwealth of Massachusetts Office of the Attorney General and requested a right to sue letter from the Attorney General. On or about September 3, 2004, the Attorney General’s office sent the plaintiffs “right to sue” letters pursuant to G.L.c. 148, §150. The plaintiffs filed the instant lawsuit, and allege that their damages are the wages for call back time worked but not paid within the statutorily mandated time, and *673 that under the statute, they are entitled to treble this amount, plus interest, attorneys fees and costs.

DISCUSSION

The court should grant summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing that there is no issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who or which does not bear the burden of proof at trial may demonstrate the absence of a genuine dispute of material fact for trial either by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). It is necessary, however, for the summary judgment movant “to show by credible evidence from . . . affidavits and other supporting materials that there is no genuine issue of material fact and that [the party is] entitled, as matter of law, to a judgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993).
Once the moving party establishes the absence of a triable issue by either of these methods, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass, at 17. The opposing party may not rest on the allegations of the pleadings, nor rely on “bare assertions and conclusions regarding [his own] understandings, beliefs, and assumptions.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989). Instead, the non-moving party’s response “must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viverras, 410 Mass. 314, 317 (1991).

A.G.L.C. 149, §148

G.L.c. 149, §148 requires the weekly or bi-weekly payment of wages, and mandates that an employee who has earned wages must be paid such wages within seven (7) days of the termination of the pay period during which such wages were earned. The purpose of the statute was “primarily to prevent unreasonable detention of wages ...” American Mutual Liab. Ins. Co. v. Comm'r of Labor & Indus., 340 Mass. 144, 147 (1959) (emphasis in original) (citations omitted).
The statutory language is mandatory.
It is conceded that many, if not all, of the class of “call back” firefighters were not paid in compliance with the statute.
Accordingly, the Court acts to enforce the statute, and finds the defendants in violation thereof.

B.Damages

Munson argues that upon finding a violation of G.L.c. 149, §148, G.L.c. 149, §150, the court must award a trebling of “call back wages” earned but not paid in a timely manner. He urges that if the court finds a statutory violation, they are entitled to treble damages as a matter of law, citing Bollen v. Camp Kingsmont, 2000 Mass.App.Div. 56 (2000); Chiappetta v. Lyons, 1999 Mass.App.Div. 276 (1999).[2] In the alternative, they urge this court to follow Judge Graham’s holding in Parow v. Howard, 17 Mass. L. Rptr. 149 (November 12, 2003, Graham, J.). In Parow, the court found that the City of Malden had violated G.L.c. 149, §148 and awarded damages based on the interest earned on the overtime wages for the period of time between when the call back wageswere in fact paid, and when they should have been paid under the statute.
Although the Court agrees that treble damages are appropriate in this case, the Court limits such damages to the “time value” of the period of illegal deprivation of the wages, and sets an simple interest factor of three (3%) percent as an appropriate interest factor to be applied. In the circumstances on the record of this case, the deprivation of payment was confined and not intentional. A trebling of the actual wages withheld would be both a “double recovery” windfall for the putative plaintiffs and draconian against the Town. It is to be noted that all wages owed for “call back" duty have been paid out.
In addition, this court finds that Munson is entitled to his reasonable attorneys fees and costs associated with the filing of this lawsuit.

C.Injunctive Relief

The Court declines to order injunctive relief in this case.

ORDER

Therefore, it is ORDERED that Plaintiffs’ motion for summary judgment is ALLOWED and this court enters an award for:
(a) treble damages on the amount of all interest (calculated at a rate of three percent per annum) earned on the “call back” firefighters duly, for each such firefighter so “called back” within the period referenced in the Complaint in this action; and
(b) reasonable attorneys fees and costs, which may either be agreed upon by the parties or quantified by way of a Motion for Assessment before the undersigned.
Otherwise DENIED.

The Appellate Division’s decisions are not binding on this court, but may be considered as persuasive authority. See Alpha One v. Nynex Info. Res. Co., 2 Mass. L. Rptr. 568 (Mass.Super.Ct. 1994) (93-0129C) (Whitehead, J., May 23, 1994).