MARYELLEN COVELL, administratrix,[1] vs. SIGRID A. OLSEN.

No. 04-P-330.

Plymouth. December 15, 2004. - January 11, 2006.

Present: ARMSTRONG, C.J., BECK, & McHUGH, JJ.

*Wrongful Death. Negligence,* Wrongful death, Motor vehicle, Parent. *Motor Vehicle,* Ownership. *Practice, Civil,* Wrongful death.

In a civil action arising from a motor vehicle accident in which the defendant's son caused the death of the plaintiff's decedent, no claim for negligent supervision of a minor could succeed against the defendant, where the son was eighteen at the time of the accident and, therefore, an adult [361-362]; however, the judge erred in granting summary judgment in favor of the defendant, where, under G. L. c. 231, § 85A, proof that the defendant was the registered owner of the vehicle that the son drove was prima facie evidence of the defendant's responsibility for the son's actions, and the record was insufficient to carry the defendant's burden under the statute of proving the absence of that responsibility [362-365].

CIVIL ACTION commenced in the Superior Court Department on July 26, 2000.

The case was heard by *Charles J. Hely,* J., on a motion for summary judgment.

*Joseph J. Coppola & Donald H. Jackson, Jr.,* for the plaintiff.

*Jeffrey T. Scuteri* for the defendant.

McHUGH, J. The plaintiff's decedent, John Carter, died after his motorcycle was struck by an automobile owned by, and registered to, the defendant, Sigrid A. Olsen. At the time of the accident, Erik S. Olsen, the defendant's eighteen year old son, was operating the automobile. Erik subsequently pleaded guilty to homicide by negligent operation of a motor vehicle and to operating negligently so as to endanger. Thereafter, the plaintiff filed suit against the defendant in Superior Court seeking to

[1] Of the estate of John M. Carter.

recover for Carter's wrongful death and conscious pain and suffering. A judge of the Superior Court allowed the defendant's motion for summary judgment and the plaintiff has appealed. We affirm in part and reverse in part.

Viewed in the light most favorable to the plaintiff, see, e.g., *Darviris* v. *Petros*, 442 Mass. 274, 275 (2004), the summary judgment record reveals that on July 31, 1997, when eighteen year old Erik was driving from Rockport back to his apartment in Vermont in an automobile registered to the defendant, he collided with Carter's motorcycle on Route 128 near Lynnfield. At the time of the accident, Eric was driving at approximately eighty-one miles per hour.

Although Erik's primary residence was in Rockport, where he lived with the defendant, he attended a boarding school in Vermont. That summer, Eric was living in a Vermont apartment because he had a job in Vermont and, given some problems he was having, the defendant thought Vermont provided a good environment for him.[2] On the day of the accident, Erik was using the defendant's car with her permission. In fact, she allowed him to have the car in Vermont that summer so that he could use it to travel between Vermont and Massachusetts rather than take the bus. The defendant paid the insurance covering the vehicle, and Erik, who was listed as an authorized driver on the policy, did not contribute to those payments.

In August, 1995, about eight days after he received his driver's license, Erik was cited for speeding. In January, 1996, Erik hit a guardrail while on his way to visit friends in Vermont, but he was not charged with any driving offense in connection with that incident and no personal injuries resulted.

On that factual foundation, the plaintiff premised her claims against the defendant on three theories of liability, i.e., that, by force of G. L. c. 231, § 85A, Erik was his mother's agent; negligent supervision of a minor child; and negligent entrustment. In allowing the defendant's motion for summary

---

[2]Erik had been attending the Rock Point School in Vermont since the ninth grade. Before he was admitted to the school, he had had some problems with marijuana. The school provided transportation to treatment and counselling for such problems. The summer of the accident, Erik was sharing the Vermont apartment with two other Rock Point students.

judgment, the motion judge concluded that Erik was not a minor on the date of the accident and, therefore, the plaintiff's claim of negligent supervision could not succeed. The motion judge also concluded that there was no evidence that Erik was acting as an agent of the defendant, and there was no evidence that the defendant knew or should have known that Erik was an unfit driver.

In urging reversal, the plaintiff advances two principal arguments. First, she asserts that the common-law definition of minor, and not the definition contained in G. L. c. 4, § 7, Forty-eighth, should be used when assessing her common-law claim of negligent supervision. At common law, twenty-one was the age of majority.[3] General Laws c. 4, § 7, Forty-eighth, inserted by St. 1973, c. 925, § 1, however, provides that " '[m]inor' shall mean any person under eighteen years of age."[4] Second, she claims that the agency provisions of G. L. c. 231, § 85A, create a presumption that the present record did not overcome. We think that the plaintiff's first argument is without merit, but agree with her second.[5]

Dealing first with negligent supervision, it is true that, in certain situations, "a parent is under a duty to exercise reasonable care to prevent his minor child from inflicting injury, intentionally or negligently, on others." *Caldwell* v. *Zaher*, 344 Mass. 590, 592 (1962). In this case, however, Erik was over eighteen when the accident happened and, under G. L. c. 4, § 7, Forty-eighth, he was not a minor.

Observing that G. L. c. 4, § 7, begins with the statement that "[i]n construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears," the plaintiff argues that the definition of minority

[3]See generally *Smith* v. *Haynes*, 202 Mass. 531, 534 (1909); *State Tax Commn.* v. *Burr*, 350 Mass. 573, 574 (1966); *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 692 (1975); *Feakes* v. *Bozyczko*, 373 Mass. 633, 636 (1977).

[4]See G. L. c. 4, § 7, Forty-ninth, inserted by St. 1973, c. 925, § 1 (" 'Full age' shall mean eighteen years of age or older"); G. L. c. 4, § 7, Fiftieth, inserted by St. 1973, c. 925, § 1 (" 'Adult' shall mean any person who has attained the age of eighteen").

[5]The plaintiff has not briefed, and we therefore do not address, the negligent entrustment theory she advanced in the trial court. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

contained in § 7, Forty-eighth, applies only when construing statutes, not when applying common-law claims. In *Alioto* v. *Marnell*, 402 Mass. 36, 38-39 (1988), however, the Supreme Judicial Court cited the statute when it rejected a claim of negligent supervision brought against parents of a nineteen year old intoxicated driver who had been involved in an accident. See *Norman* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 303, 308 (1988) (nineteen year old son, not his parents, entitled to recover medical expenses resulting from being struck by vehicle); *Brogle* v. *Martin*, 20 Mass. App. Ct. 901, 901 (1985) (divorce judgment allowing wife to use property to spend time with her minor children only permitted use until youngest child reached age of eighteen); *McDonald* v. *Lavery*, 27 Mass. App. Ct. 1108, 1110 (1989) (statute cited in support of conclusion that parents had no liability for negligent supervision of adult son who shot companion). Moreover, § 7, Forty-eighth, embodies a broad policy of treating those who have reached the age of eighteen as adults in all respects save purchase of alcohol. See, e.g., G. L. c. 119, §§ 24, 26 (care and protection of children); G. L. c. 231, § 85O, inserted by St. 1973, c. 925, § 74 ("Any person who has attained the age of eighteen shall have full legal capacity to act in his own behalf in the matter of contracts and shall be liable in any civil action for breach thereof"); G. L. c. 231, § 85P, inserted by St. 1975, c. 315, § 1 ("Except as otherwise specifically provided by law, any person domiciled in the commonwealth who has reached the age of eighteen shall for all purposes . . . be deemed of full legal capacity unless legally incapacitated for some reason other than insufficient age"). At age eighteen, Erik was an adult, and no claim against his mother for negligent supervision of her child can succeed.

As stated, the plaintiff's second theory of liability is premised on G. L. c. 231, § 85A, which provides that, in actions to recover for injuries resulting from motor vehicle accidents, proof that the defendant is the registered owner of a motor vehicle is "prima facie evidence" of the defendant's responsibility for the actions of the motor vehicle's driver. The statute also imposes on the defendant the burden of proving the absence of

that responsibility.[6] The defendant was the registered owner of the vehicle Erik was driving at the time of the accident. The plaintiff, therefore, maintains that the statute imposes on the defendant the burden of persuading the fact finder that she was not responsible for Erik's actions. The summary judgment record, the plaintiff asserts, is insufficient to carry that burden. We agree.

We recognize at the outset that G. L. c. 231, § 85A, does not change the substantive law of negligence. See *Cheek* v. *Econo-Car Rental Sys. of Boston, Inc.*, 393 Mass. 660, 662 (1985). Under that substantive law, Erik's "actions could be imputed to [the defendant] if, at the time of the accident, [the defendant] had the authority and means to control [Erik's] conduct." *Thompson* v. *Auto Credit Rehabilitation Corp.*, 56 Mass. App. Ct. 1, 5 (2002). More specifically, the defendant's liability as a principal flows from proof that she "had the right to control the result to be accomplished by [Erik] and the means employed to accomplish that result." *Id.* at 5-6. See *Cheek* v. *Econo-Car Rental Sys. of Boston, Inc., supra.*

Although § 85A does not alter the substantive law of negligence, it does shift to the defendant the burden of proving the absence of the requisite control. See *ibid.* Indeed, "[u]nder [§ 85A] the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as the agency of the driver in behalf of the defendant is concerned. The jury may disbelieve the testimony of witnesses tending to the contrary." *Mitchell* v. *Hastings & Koch Enterprises, Inc.*, 38 Mass. App. Ct. 271, 276 (1995), quoting from *Legarry* v. *Finn Motor Sales, Inc.*, 304 Mass. 446, 447

---

[6]In its entirety, G. L. c. 231, § 85A, provides:

"In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

(1939). See *Pochi* v. *Brett,* 319 Mass. 197, 204 (1946); *Arrigo* v. *Lindquist,* 324 Mass. 278, 280 (1949); *Nugent* v. *Classic Car Corp.,* 379 Mass. 913, 913 (1979); *Feltch* v. *General Rental Co.,* 383 Mass. 603, 610-612 (1981).

To be sure, G. L. c. 231, § 85A, "does not impair or modify the fundamental rights of a defendant, who is at liberty to overcome the prima facie evidence created by the statute by other evidence." *Cheek* v. *Econo-Car Rental Sys. of Boston, Inc.,* supra at 662-663, quoting from *Smith* v. *Freedman,* 268 Mass. 38, 41 (1929). By placing the burden of persuasion on the defendant, however, the statute necessarily makes it extremely difficult for the defendant to prevail at the summary judgment stage of the case. The difficulty arises because the party seeking summary judgment "has the burden of af-firmatively demonstrating the absence of a genuine issue of material fact on every relevant issue," *Matthews* v. *Ocean Spray Cranberries, Inc.,* 426 Mass. 122, 127 (1997), and, thus, "is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). That burden, difficult enough when the moving party does not have the burden of proof at trial, is extremely difficult to carry when the moving party *will* have the burden of proof at trial, for "[i]t can rarely be ruled as matter of law that the party having the burden of proof has sustained that burden." *Hanover Ins. Co.* v. *Sutton,* 46 Mass. App. Ct. 153, 166 (1999). See *Sweenor* v. *162 State St., Inc.,* 361 Mass. 524, 527 (1972); *Hartford Cas. Ins. Co.* v. *New Hampshire Ins. Co.,* 417 Mass. 115, 123 (1994).

Reduced to essentials, then, the substantive question in this case is whether the defendant had the authority and means to control Erik's use of the automobile when the accident occurred. The question is not whether she exercised that control, but whether she had the authority and means to do so. See gener-ally *Cowan* v. *Eastern Racing Assn.,* 330 Mass. 135, 141 (1953). The procedural question is whether the summary judgment rec-ord reveals that the defendant has carried her burden of show-ing the absence of any such control. She cannot carry that burden merely by arguing that the record contains no evidence of her control. See *Smith* v. *Massimiano,* 414 Mass. 81, 85-86 (1993). Instead, the defendant must affirmatively eliminate any

genuine issue of material fact regarding her power to control Erik's conduct.

The record is insufficient to carry the defendant's burden. Her affidavit and the statement she filed to comply with Rule 9A(b)(5) of the Rules of the Superior Court (1998)[7] focus on her knowledge of Erik's fitness to drive, not on the presence or absence of her control over Erik's use of the automobile. Moreover, the record as a whole does not eliminate all questions regarding whether Erik's use of the car, rather than a commercial bus, to travel between Rockport and Vermont served his interests, the defendant's, or both. Finally, nothing in the present record suggests that the defendant was powerless to control when Erik used the car, the purposes for which he used it, the locations where he took it, or the skill and safety with which he operated it. On the contrary, the evidence that the defendant owned the car, paid all the insurance costs, paid Erik's living expenses in Vermont, and allowed him to stay there for the summer because she thought the environment was beneficial to him, and the absence of any evidence regarding the steps she took to ensure Erik's safe operation of the car while he was using it, create issues that provide the plaintiff with the "toehold" sufficient to carry the case to trial. See *Marr Equip. Corp.* v. *I.T.O. Corp.*, 14 Mass. App. Ct. 231, 235 (1982).

Insofar as the judgment dismisses the plaintiff's claim under G. L. c. 231, § 85A, the judgment is reversed. In all other respects, the judgment is affirmed.

*So ordered.*

---

[7] In material part, rule 9A(b)(5) states that "[e]ach motion for summary judgment shall be accompanied by a concise statement, in consecutive numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried . . . ."