Rufo, Robert C., J.
The plaintiff, Susan Limoncelli (“Limoncelli”), has brought this action against the defendants, Ruthanne Grover (“R Grover”), Paul E. Grover (“P. Grover”), and Kinlin Grover Properties, Inc. (“Kinlin Grover”), based on her purchase of property at 181 School Street, Cotuit, Massachusetts from R. Grover. Limoncelli maintains a negligent misrepresentation claim against all the defendants (Count I), a breach of contract claim against R Grover (Count II), and a Chapter 93A claim against P. Grover and Kinlin Grover (Count III). P. Grover and Kinlin Grover seek summary judgment, alleging that Limoncelli’s negligent misrepresentation claim is time-barred and that the undisputed facts demonstrate that Limoncelli cannot maintain a Chapter 93A claim. R Grover has also moved for summary judgment on Count I and Count II, incorporating by reference P. Grover’s argument as to negligent misrepresentation and contending that the purchase and sale agreement did not extend any warranties to Limoncelli which would survive the delivery of the deed. For the following reasons, R Grover’s Motion for Summary Judgment is ALLOWED and P. Grover and Kinlin Grover’s Motion is ALLOWED in part and DENIED in part.
BACKGROUND
Limoncelli sought to purchase a property in Cotuit, Massachusetts with income-generating potential. Limoncelli’s agent, Agnes Chatelaine, showed Limoncelli the 181 School Street property and made representations based on an MLS listing prepared by P. Grover, R. Grover’s son and agent for Kinlin Grover. Limoncelli entered into a purchase and sale agreement with R. Grover, and ultimately closed on 181 School Street on August 11, 2005. On August 29, 2005, Limoncelli received a letter from the Town of Barnstable informing her that the properly was zoned as single-family unit and that the converted garage dwelling could not be rented according to Barnstable’s by-laws.
This event precipitated the lawsuit against the defendants. As the basis for Count I-III, Limoncelli asserts that the seller, R. Grover, and her real estate agent, P. Grover, created or failed to dispel an impression that the garage dwelling on the 181 School Street property had income-generating potential where they knew that the garage dwelling’s rental was in contravention of Barnstable by-laws.
On May 15, 2009, this court (Nickerson, J.) dismissed Limoncelli’s negligent misrepresentation claim (Count I) against Agnes Chatelaine based on the applicable three-year statute of limitations. The court found that the discovery rule did not toll Limoncelli’s action until August 29, 2005, the date on which she received notice of a zoning violation from the Town of Barnstable. As such, Limoncelli’s action accrued on the closing date, August 11, 2005, and she was required to file a suit alleging negligent misrepresentation by August 11, 2008. Limoncelli filed her lawsuit outside the applicable time limit.
DISCUSSION
The court will allow summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing that there is no issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who or which does not bear the burden of proof at trial may demonstrate the absence of a genuine dispute of material fact for trial either by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). It is necessary, however, for the summary judgment movant “to show by credible evidence from . . . affidavits and other supporting materials that there is no genuine issue of material fact and that [the party is] entitled, as matter of law, to ajudgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993) (citations omitted).
Once the moving party establishes the absence of a triable issue by either of these methods, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass, at 17. The opposing party may not rest on the allegations of the pleadings, *196 nor rely on “bare assertions and conclusions regarding [his own] understandings, beliefs, and assumptions.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989). Instead, the non-moving party’s response “must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
I.Statute of Limitations
The defendants are entitled to judgment as a matter of law as to Limoncelli’s negligent misrepresentation claim (Count I) because the claim is time-barred. According to the principle of the “law of the case,” a trial court “usually declines to reconsider questions decided upon an earlier appeal in the same case.” Peterson v. Hopson, 306 Mass. 597, 599 (1940); Winchester Gables v. Host Marriot Corp., 70 Mass.App.Ct. 585, 593 (2007), citing Markham v. Fay, 884 F.Sup. 594, 603 (D.Mass. 1995), rev’d in part, 74 F.3d 1347 (1st. Cir. 1996) (discussing the effect of the law of the case on a motion decision made by a trial judge in the same case). Therefore, an issue decided by motion of a trial judge should not be reconsidered, “unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest justice.” King v. Driscoll, 424 Mass. 1, 8 (1996) (citations omitted). None of the factors listed above are present in this case, and Judge Nickerson’s earlier motion decision governs the statute of limitations question presented by these motions. As such, Limoncelli’s negligent misrepresentation claims against the defendants (Count I) are time-barred.
II.Breach of Contract
Similarly, Limoncelli’s breach of contract claim against Ruthanne Grover (Count II) cannot withstand summary judgment. As Ruthanne Grover correctly asserts, the “Possession and Condition of Premises” clause (Clause 9) of Limoncelli’s contract fails to create a warranty or collateral obligation capable of surviving Limoncelli’s acceptance of the deed for 181 School St. on August 11, 2005, where the purchase and sale agreement specifies that the seller extends no warranties to the purchaser (Clause 29) and includes a merger clause (Clause 13). Clause 9 of Limoncelli’s contract provides that “Full possession of said premises ... is to be delivered at the time of the delivery of the deed, said premises to be then . . . (b) not in violation of said building and zoning laws . . .” Massachusetts courts have held that (1) identical language in a purchase and sale agreement, in combination with a merger clause, fails to create a warranty or collateral obligation, and (2) acceptance of the deed extinguishes all of the seller’s obligations under the purchase and sale agreement. See Albrecht v. Clifford, 436 Mass. 706, 716-18 (2002); Solomon v. Birger, 17 Mass.App.Ct. 634, 640-43 (1985). As a result, Ruthanne Grover is entitled to summary judgment on Limoncelli’s breach of contract claim (Count II).
III.G.L.c. 93A Violation
Limoncelli’s chapter 93A claim against Paul E. Grover/Kinlin Grover Properties, however, cannot be resolved at the summary judgment stage. A chapter 93A violation may exist where a plaintiff claims that the defendant failed to disclose a material fact that may have influenced the plaintiffs decision to enter into the transaction. See 940 C.M.R. §§3.05, 3.16(2) (creating a general duty of disclosure). Here, a genuine issue of material fact exists as to whether P. Grover and consequently Kinlin Grover violated chapter 93A by failing to disclose a familial relationship with the seller or by providing false and deceptive information about the garage dwelling at 181 School Street to Limohcelli through the MLS listing or otherwise.
ORDER
For the foregoing reasons, R. Grover’s Motion for Summary Judgment is ALLOWED (Count II - Breach of Contract) and P. Grover and Kinlin Grover’s Motion for Summary Judgment is ALLOWED (Count I - Negligent Misrepresentation) in part and DENIED (Count III - Ch. 93A) in part.